IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF JRW SERVICE GROUP, LLC : <br>     *Plaintiff*, : <br> v. : <br> NEW AGE DEVELOPMENT GROUP, LLC; and, AEGIS SECURITY INSURANCE COMPANY : <br>     *Defendants*. | CIVIL ACTION <br> NO. 18-4063 |

## **MEMORANDUM & ORDER**

AND NOW, this 23rd day of March 2020, upon consideration of: Defendant New Age Development Group LLC's Motion to Confirm Arbitration (ECF Nos. 13, 15); Plaintiff's Response thereto (ECF No. 16); Defendants' New Age Development Group LLC and Aegis Security Insurance Company's Reply (ECF No. 17); Plaintiff's Sur-reply (ECF No. 18); Plaintiff's Petition to Vacate Arbitration Award (ECF No. 22); Defendants' New Age Development Group LLC and Aegis Security Insurance Company's Response thereto (ECF No. 24); the Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski (ECF No. 27); Plaintiff's Objections thereto (ECF No. 28); and, Defendants' New Age Development Group LLC and Aegis Security Insurance Company's Response to Plaintiff's Objections (ECF No. 29), it is hereby ORDERED as follows:

    (1)    Plaintiff's Objections to the R&R (ECF No. 29) are OVERRULED;[1]

---

[1] Plaintiff raises three objections to the R&R: (1) the magistrate failed to consider Plaintiff's contention that the arbitrator exceeded his authority by issuing a decision involving sums that "were the subject of a matter that was pending with the Department of Labor at the time of the arbitration and pending final adjudication" (ECF No. 28 at 4); (2) the magistrate failed to consider that the Arbitrator disregarded the parties' agreed upon choice of law (ECF No. 28 at 5); and (3) the magistrate improperly characterized Plaintiff's argument regarding the computation of damages as "conclusory" (ECF No. 28 at 7).

When objections are filed to the Report and Recommendation (R&R) of a Magistrate Judge, the district court must conduct a *de novo* review of those portions of the R&R to which objections are made. 28 U.S.C. §636(b)(1). However, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." *Gray v. Delbiaso*, Civ. No. 14-4902, 2017 U.S. Dist. LEXIS 101835, at *11 (E.D. Pa. June 30, 2017); *see also Luckett v. Folino*, CIVIL NO. 1:09-CV-0378, 2010 U.S. Dist. LEXIS 100018, at *2 (M.D. Pa. 2010) (denying objections to R&R because "[e]ach of these objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge [ ]."). If the reviewing court determines the matter in not entitled to *de novo* review, said court must review the R&R for clear error. *Crist v. Kane*, CIVIL ACTION NO. 3:14-CV-01412, 2016 U.S. Dist. LEXIS 131107, at *4 (M.D. Pa. Sept. 26, 2016).

With respect to Plaintiff's first objection, the magistrate made a proper distinction between remedies provided by the Department of Labor under the Davis-Bacon Act, and the remedies provided by the arbitrator in this matter, for breach of contract. (ECF No. 6-8.) Although the magistrate did not address the specific fact that a matter involving these parties was pending before the DOL at the time the arbitrator heard this case and rendered a decision, it appears—based upon the record provided by Plaintiff—to be of no consequence. This is so because on October 23, 2019, the DOL made the decision to not "pursue" the matter due to limited resources. (ECF No. 22-2 at 77.) Because the DOL apparently never acted on the case, the mere fact that a claim was before said agency for a decision on whether or not to review it at the time the matter was arbitrated, is of no consequence to the validity of the arbitrator's decision. Perhaps more importantly, there is no evidence of record to demonstrate that Plaintiff raised an objection regarding this issue to the arbitrator at any time before or during the hearing. As such, the issue has been waived and Plaintiff is precluded from raising same. *See Weber v. PNC Invs. LLC,* 19-CV-0704, 2020 U.S. Dist. LEXIS 18723, at *25 (W.D. Pa. Feb. 5, 2020) ("Our Court of Appeals has adopted a 'constructive knowledge' standard for waiver of objections during arbitration. That means 'if a party could have reasonably discovered that any type of malfeasance . . . was afoot during the [arbitration] hearings, it should be precluded from challenging the subsequent award on those grounds.' In other words, a party who learns of a problem during arbitration (or reasonably should learn of the problem) cannot stay quiet until the award comes down, and only then raise the issue in the face of defeat. This standard, the Third Circuit held, 'both encourages parties to conduct adequate due diligence prior to issuance of the award and promotes the arbitration goals of efficiency and finality.') (quoting *Goldman, Sachs & Co. v. Athena Venture Partners, L.P.*, 803 F.3d 144, 149 (3d Cir. 2015)). Accordingly, Plaintiff's first objection is overruled.

Plaintiff next objects based on the magistrate's alleged failure to address whether or not the Arbitrator disregarded the parties' agreed upon choice of law. Again, Plaintiff has provided no evidence of record to demonstrate that an objection was made to the arbitrator regarding choice of law. Accordingly, said issue has been waived and the objection is overruled.

Last, Plaintiff objects on the basis that "the magistrate improperly characterized Plaintiff's argument regarding the computation of damages as 'conclusory." (ECF No. 3 at 7-8.) This objection is made for no other purpose than to "rehash an argument presented to and considered by a magistrate judge" and "seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge." *Gray*, 2017 U.S. Dist. LEXIS 101835, at *11; *Luckett*, 2010 U.S. Dist. LEXIS 100018, at *2. As such, the objection is not entitled to *de novo* review and this Court finds no clear error with the magistrate's finding.

Aside from the foregoing analysis of Plaintiff's objections, this Court notes one further observation. While pouring over the parties' filings in this matter, one overarching theme

(2) The R&R (ECF No. 27) is ADOPTED and APPROVED;

(3) Defendants' Motion to Confirm Arbitration (ECF Nos. 13, 15) are GRANTED;

(4) Plaintiff's Petition to Vacate Arbitration Award (ECF No. 22) is DENIED; and,

(5) Defendants' Motion for Sanctions and Attorney's Fees (ECF No. 25) is REFERRED to United States Magistrate Judge Lynne A. Sitarski.

BY THE COURT:

/s/ C. Darnell Jones, II   J.

---

remained consistent: Plaintiff's repeated allegations of "foul play," so to speak, every time a situation or ruling was not heading in its favor. In one particular instance, Plaintiff claimed "persistent and material partiality toward [New Age's] counsel with respect to resolution of critical discovery matters[,]" thereby resulting in recusal by the first arbitrator in this matter. (ECF No. 22, ¶ 12 n.2.) Arbitrator Barry Bramble was then appointed and again, Plaintiff thereafter claimed the arbitrator "exceeded his authority, abdicated his function, and demonstrated unreasonable impartiality." (ECF No. 22 at 10.) In assessing what it deemed to be "the paradigmatic case of the 'sore loser,' so to speak, trying for a second bite at the apple[,]" the Third Circuit admonished that "[a] party should not be permitted to game the system by rolling the dice on whether to raise [a] challenge during the proceedings or wait until it loses to seek vacatur on the issue." *Athena Venture Partners, L.P.*, 803 F.3d at 150. Plaintiff herein has not demonstrated any meritorious basis upon which vacatur of the arbitrator's award would be warranted. Accordingly, the magistrate's R&R granting Defendant's Motion to Confirm Arbitration Award and denying Plaintiff's Petition to Vacate Arbitration Award is approved.